# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 08-Cr-054

MING WONG and
KAM YU CHENG,

Defendants.

## DECISION AND ORDER

## NATURE OF THE CASE

On February 12, 2008, a federal grand jury sitting in this district returned a six-count indictment against defendants Ming Wong, Wu Lin and Kam Yu Cheng. The defendants are charged in Counts One through Five with concealing, harboring and shielding from detection illegal aliens in a property under the defendants' control and through the employment of the O.C.A., in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(i). Count Six charges the defendants with conspiring to conceal, harbor and shield the illegal aliens from detection for the purpose of private financial gain, specifically, to provide labor for the restaurants owned by the defendants, King Buffet of West Bend, Wisconsin, and China Buffet of Fond du Lac, Wisconsin, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(1) and 1324(a)(1)(B)(i).

Defendants Ming Wong and Kam Yu Cheng have appeared for arraignment, entering pleas of not guilty. Pursuant to the pretrial scheduling order issued at that time, the following motions are pending:

Docket #6: Motion for issuance of material witness arrest warrants filed by the United States.

Docket #7: Motion to stay decision on government's application for material witness warrants filed by defendant Cheng.

Docket #15: Joint motion regarding material witness warrants filed by defendants Wong and Cheng.

Docket #44: Motion to dismiss material witness warrants for Pablo Arriaga and Orlando Chavarria-Antonio filed by the United States.

Docket #46: Joint motion opposing government's motion to dismiss material witness warrants for Pablo Arriaga and Orlando Chavarria-Antonio filed by defendants Cheng and Wong.

Docket #52: Motion to dismiss material witness warrants filed by the United States.

Docket #54: Joint motion opposing government's motion to dismiss material witness warrants filed on March 27, 2008, by defendants Cheng and Wong.

Docket #63: Motion to withdraw material witness warrants filed by the United States.

These motions will be addressed herein.

**ANALYSIS**

During the course of these proceedings as noted, the defendants and the government have filed numerous motions, most of which relate to the material witnesses in this case. A brief review of the background of these motions and current status provides a framework for resolution of the motions and the current issues before the court.

On February 15, 2008, the government filed a motion for issuance of material witness arrest warrants for 19 individuals, including two juveniles. (Docket #6). On February 20, 2008, defendant Kam Yu Cheng moved to stay a decision on the government's application for material witness warrants. (Docket #7). By order of February 25, 2008, the court granted in part the government's motion for issuance of the material witness warrants, but held in abeyance the request for such warrants for the two juveniles, D.W. and J.H.B. At the same time, defendant Cheng's motion to stay a decision on the government's motion also was granted in part and denied in part. See Court's Order of February 25, 2008, at 2.

On February 28, 2008, the government moved to dismiss the warrants against Felix and Severo Medina-Bautista because they had been deported. (Docket #12). The court granted the motion the following day.

On March 2, 2008, the defendants filed a joint motion regarding material witness warrants, requesting in part that: 1) the deadline for conducting the depositions of the 12 material witnesses in custody be extended to April 30, 2008; 2) material witness warrants be issued for Felix and Severo Medina-Bautista; 3) material witness warrants be issued for the two juveniles; and 4) material witness warrants be issued for the remaining people listed in the government's initial motion. (Docket #15). In a subsequent hearing, the court denied the defendant's request to extend the deposition deadline, as well as their request for material warrants for three named individuals since warrants had already been issued for them.

The government moved on March 13, 2008, to dismiss the material witness warrants for Pablo Arriaga and Orlando Chavarrie-Antonio on the ground that these material witnesses already had been deposed and were subject to cross-examination by the defendants. (Docket #44). The defendants filed a joint motion opposing the government's motion to dismiss these

warrants. (Docket #46). The defendants asserted that they had not yet received all discovery in this case and that they might need to conduct another deposition of these two material witnesses.

Depositions of the material witnesses, which originally were scheduled for March 12, 2008, were reset for the week of March 24, 2008. At the March 12, 2008, hearing, the court stressed that depositions were to be completed by March 28, 2008.

On March 27, 2008, the government moved to dismiss the material witness warrants for the following 11 individuals: Miguel Balentine-Hernandez, Malaquias Marcelo, Valerio Rodriguez-Ramirez, Ai Jing Chen, Ji Liang Liu, Kai Qi, You Fu Qi, Qi Fu Sha, Min Sun, Shu Xia Wang and Yin Shun Zheng. (Docket #52).

On March 30, 2008, the defendants filed a joint motion opposing the government's motion to dismiss. (Docket #54). The defendants asserted that they had not been able to inspect computers seized from some of the material witnesses and had not had sufficient time to review the discovery provided by the government. The defendants also challenged the two certified Fouchow interpreters who interpreted at the depositions held the week of March 24-27, 2008. They asserted that the interpreters had a conflict of interest because they had accompanied law enforcement officers and acted as interpreters when the defendants were arrested. They claim that such conflict violated Canon 3 of the Standards for Performance and Professional Responsibility for Contract Court Interpreters in Federal Court and, therefore, the court should exclude the use or these depositions at trial or give the defendants time to depose these material witnesses again.

In response to the defendants' opposition to its motion to dismiss, the government asserted that any further depositions of the material witnesses were the responsibility of the

defendants and that the defendants' contentions about interpreter conflicts were without merit. The government also requested that the record reflect that the witnesses are held at the request of the defendants, not the United States. This latter request of the government is denied.

As noted, the defendants challenge the two Fouchow interpreters who interpreted at the March 24-27, 2008, depositions because of their alleged conflict of interest. Canon 3 of the Standards for Performance and Professional Responsibility for Contract Court Interpreters in Federal Court provides in relevant part:

> *Conflicts of interest.* interpreters shall disclose any real or perceived conflict of interest, including any prior involvement with the case, parties, witnesses or attorneys, and shall not serve in any matter in which they have a conflict of interest.

The court has reviewed the defendant's motion and the cases cited by them. The cases are clearly distinguishable and do not support the defendants' assertion that the interpreters failure to disclose a potential conflict of interest contrary to the provision in the Standards for Contract Court Interpreters requires that the material witnesses in this case be re-deposed with new interpreters. The defendants have not asserted that the interpreters were biased against them nor have they attempted to show any actual prejudice to them because the interpreters did not disclose prior involvement in the case. Thus, for these reasons and the reasons stated by the court at its April hearing, this portion of the defendants' joint motion opposing the government's motion to dismiss will be denied. (Docket #54). The remaining portion of this motion will be held in abeyance at this time.

In a joint partial brief filed on April 2, 2008, opposing the government's motion to dismiss the material witness warrants, the defendants advised that the government agreed that it would

not seek a two point enhancement under the Sentencing Guideline for employing juveniles. (Docket #60). Based on this representation, the defendants withdrew their request for material witness warrants for the two juveniles. The following day, the government filed a motion to withdraw the material witness warrants for the juveniles. (Docket #63). Therefore, the remaining portion of the government's motion for material witness warrants which was held in abeyance is denied as moot. (Docket #6). Similarly, the portion of the defendant's motion to stay a decision on the government's motion which was also held in abeyance is denied as moot. (Docket #7). The government's motion to withdraw the material witness warrants for the juveniles is granted. (Docket #63).

On April 3, 2008, the defendants filed a joint memorandum withdrawing their request for material witness warrants for Felix and Severo Medina-Bautista, which was set forth in their motion regarding material witness warrants filed on March 2, 2008. Since all the issued raised in that motion have now been addressed, the remaining portions of the motion will be denied as moot. (Docket #15).

The remaining motions are: 1) the government's motion to dismiss material witness warrants for Pablo Arriaga and Orlando Chavarria-Antonio (Docket #44); 2) the defendants' joint motion opposing the government's motion to dismiss material witness warrants for Pablo Arriaga and Orlando Chavarria-Antonio (Docket #46); 3) the government's motion to dismiss material witness warrants filed March 27, 2008, (Docket #52); and 4) the remaining portion of the defendants' joint motion to dismiss material witness warrants filed on March 27, 2008. (Docket #54).

At the April 7, 2008, hearing in this case, after extensive arguments from counsel for the material witnesses, the defendant and the government, the court declined to dismiss the

material witness warrants. Instead the court extended the time to April 30, 2008, for the defendants to complete any additional depositions of the material witnesses because the defendants had not had sufficient access to some discovery materials and certain computers and related information were not yet available. The court made very clear to the government and the defendants that no further extensions would be granted, absent very exceptional circumstances. An inability to complete discovery, absent extenuating considerations, would not constitute such an exceptional circumstance. The parties were reminded that the material witnesses were to be released as soon as any additional depositions were completed and, in any event, immediately after April 30, 2008.

Therefore, the court will grant the government's motion to dismiss material witness warrants for all material witnesses effective on May 1, 2008. (Docket #44, #52). Only if the court finds, upon motion, that exceptional circumstances warrant a further extension of discovery will this order be rescinded. Accordingly, effective May 1, 2008, the defendants' joint motions opposing the government's motion to dismiss these material witness warrants will be denied. (Docket #46, #52).

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the portion of the government's motion for material witness warrants which was held in abeyance be and hereby is **denied as moot**. (Docket #6).

**IT IS FURTHER ORDERED** that the portion of the defendant's motion to stay a decision on the government's motion which was also held in abeyance be and hereby is **denied as moot**. (Docket #7).

**IT IS ALSO ORDERED** that the remaining portions of defendants Ming Wong and Kam Yu Cheng's motion regarding material witness warrants be and hereby is **denied as moot**. (Docket #15).

**IT IS FURTHER ORDERED** that the government's motion to dismiss material witness warrants for Pablo Arriaga and Orlando Chavarria-Antonio be and hereby will be **granted** effective May 1, 2008, absent any extension that may be granted by the court as stated herein. (Docket #44).

**IT IS ALSO ORDERED** that defendants Kam Yu Cheng and Ming Wong's joint motion opposing the government's motion to dismiss material witness warrants for Pablo Arriaga and Orlando Chavarria-Antonio be and hereby will be **denied** effective May 1, 2008, absent any extension that may be granted by the court as set forth herein. (Docket #46).

**IT IS FURTHER ORDERED** that the government's motion to dismiss material witness warrants will be **granted** effective May 1, 2008, absent any extension that may be granted by the court as stated herein. (Docket #52).

**IT IS ALSO ORDERED** that defendants Kam Yu Cheng and Ming Wong's joint motion opposing government's motion to dismiss material witness warrants be and hereby is **denied** with respect to the Fouchow interpreters and the remaining portion of their motion will be **denied** effective May 1, 2008, absent any extension that may be granted by the court as set forth herein. (Docket #54).

**IT IS ALSO ORDERED** that the government's motion to withdraw material witness warrants for the juveniles be and hereby is **granted**. (Docket #63).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 23rd day of April, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge